1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CORTEZ DAUNDRE JONES,

                   Plaintiff,

      v.

ENVIRONMENTAL PROTECTION
AGENCY,

                 Defendant.

CASE NO. 2:23-cv-01189-RAJ

**REPORT AND
RECOMMENDATION**

On August 7, 2023, *pro se* Plaintiff Cortez D. Jones, filed a complaint against the Environmental Protection Agency, alleging it stole property from him and seeking damages of "negotiable stolen compensation." Dkt. 1-1. Plaintiff also filed an application to proceed *in forma pauperis* (IFP), in which he avers he is employed, takes home $35,000.00 a month, has received $324,000.00 in rent, interest, or dividends, and received $32,000 in public benefits in the last twelve months. Dkt. 1.

Pursuant to General Order 11-22 Plaintiff's IFP application was referred to the undersigned United States Magistrate Judge. On August 8, 2023, the undersigned recommended Plaintiff's IFP application be dismissed pursuant to 28 U.S.C. § 1915(a)(1) based on his averments of income and assets. Dkt. 4 ("R&R").[1]

---

[1] Plaintiff was given an opportunity to file objections to the R&R by August 23, 2023. However, pursuant to *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), denial of an IFP is not a non-dispositive matter under Rule 72(a) and therefore, Plaintiff is not entitled to file written objections to the recommendation that his IFP application be denied. In addition, Plaintiff has received sufficient notice that he is not entitled to proceed IFP based on his assertions in identical

REPORT AND RECOMMENDATION - 1

On August 17, 2023, Plaintiff filed an Amended IFP application, in which he avers he has no income and no assets. Dkt. 7. The Court recommends the assigned District Judge screen Plaintiff's complaint to determine whether it states a claim for relief and should be dismissed, or whether IFP status should granted, and the complaint served.

Under 28 U.S.C. § 1915(e), district courts must dismiss IFP complaints if "at any time" it is determined the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); see also *id*. § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners).

Plaintiff's Complaint names the Environmental Protection of Washington as defendant. Plaintiff claims the basis for this Court's jurisdiction is both a federal question (identified only as "290-stolen property") and diversity. However, Plaintiff resides in Washington and claims the Environmental Protection Agency is incorporated under the laws of Washington. He also does not assert damages in an amount exceeding $75,000.00.

Attached to Plaintiff's Complaint is a "Claim for Damage, Injury, or Death" against the Environmental Protection Agency and others, claiming $14 Trillion Dollars in damages for "multiple concussions and hospital visits." Pursuant to RCW 4.92.100: "All claims against the state, or against the state's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortuous conduct, must be presented to the risk management division." An individual must first file a claim with the Office of Risk Management before filing a tort action against the State of Washington or against state employees. *Levy v. State*, 91 Wn. App. 934, 941,

---

IFP applications filed in several cases, including 23-1149 LK *Cortez Jones v. Fidelity Investments*; 23-1211 JHC *Cortez Jones v. Tukwila City Hall*; 23-1184 RSM *Cortez Jones v. Sound Transit*; 23-1150 JNW *Cortez Jones v. King County Sheriff*; 23-1165 RSL *Cortez Jones v. Wheat*. In August alone, Plaintiff filed 37 cases in this District.

REPORT AND RECOMMENDATION - 2

957 P.2d 1272 (1998). Also, pursuant to RCW 4.92.110, no action shall be commenced for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim is presented to the office of risk management. These claim-filing requirements are jurisdictional, mandatory, and operate as a condition precedent to a suit against government bodies and employees. *Mangaliman v. Washington State DOT*, C11-1591-RSM, 2014 WL 1255342, at *4 (W.D. Wash. Mar. 26, 2014) (citing *Levy*, 91 Wn. App. at 941-42). If a plaintiff fails to comply with these claim-filing requirements, dismissal of the complaint is proper. *Amo v. Harborview Med. Ctr.*, 13 Wn. App. 2d 1019, 2020 WL 1917461, at *3-4 ("[B]efore filing her complaint for medical negligence against Harborview and its employee, Amo was required to file a claim with the office of risk management in Olympia, pursuant to RCW 4.92.110 and RCW 4.92.210. Because she failed to do so, the trial court properly dismissed the complaint."), *review denied*, 196 Wn. 2d 1010, 473 P.3d 258 (2020). Here, it is unclear if Plaintiff has complied with these claim-filing requirements.

The complaint also avers in its entirety" "RCW State EPA cannot sign for anyone else [sic] property to claim."  Dkt. 1-1 at 5. These allegations do not set forth sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Labels and conclusions, lacking factual enhancement are insufficient. *Id.* The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In sum, the Court recommends the assigned District Judge screen this matter to determine whether the Complaint states a claim upon which relief may be granted. If it does, IFP status may be granted and the complaint may be served. If it does not, IFP status is moot as the Complaint should be dismissed.

REPORT AND RECOMMENDATION - 3

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Thus, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **September 4, 2023.**  The Clerk should note the matter for **September 4, 2023**, as ready for the District Judge's consideration.

DATED this 21st day of August, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4