HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CORTEZ DAUNDRE JONES,

Plaintiff,

v.

ENVIRONMENTAL PROTECTION AGENCY,

Defendant.

Case No. 2:23-cv-1189-RAJ

**ORDER**

## I. INTRODUCTION

This matter is before the Court on the objections to the Report and Recommendation dated August 21, 2023. Dkt. # 9. For the reasons below, the Court finds that the Complaint does not state a claim upon which relief may be granted and **DISMISSES** the Complaint.

## II. BACKGROUND

From what the Court can ascertain, Plaintiff seeks monetary relief against the EPA. Dkt. # 1-1. He also seeks leave to proceed *in forma pauperis*. Magistrate Judge Tsuchida, in reviewing the complaint, recommended the assigned District Judge screen this matter to determine whether the Complaint states a claim upon which relief may be granted. Dkt. # 8 at 3.

## III. DISCUSSION

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. Upon permitting a plaintiff to proceed *in forma pauperis*, the Court is subject to

ORDER – 1

certain requirements set forth under 28 U.S.C. § 1915(e)(2)(B). Among these requirements is the Court's duty to dismiss the plaintiff's case if the Court determines that the complaint fails to state a claim upon which relief may be granted: "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds pro se, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Here, the complaint states "EPA cannot sign for anyone else [sic] property to claim." Dkt. 1-1 at 5. The remaining allegations that the EPA "did not get in contact" with the Plaintiff, and "fining multiple businesses in [his] name" do not set forth sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Labels and conclusions, lacking factual enhancement are insufficient. *Id*. The factual allegations must be "enough to raise a right to relief

ORDER – 2

above the speculative level." *Twombly*, 550 U.S. at 555. That standard has not been met.

## IV.  CONCLUSION

For the foregoing reasons the complaint is **DISMISSED** without prejudice. This dismissal renders consideration of IFP status moot. The Clerk is directed to close this case.

DATED this 20th day of September, 2023.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3